**EDWARDS v. HOGG (three cases).**
**Nos. 14698–14700.**

United States Court of Appeals,
Fifth Circuit.

July 7, 1954.

Jack J. Gautier, Asst. U. S. Atty., Macon, Ga., Robert N. Anderson, Elmer J. Kelsey, Ellis N. Slack, Sp. Assts. to Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Frank O. Evans, U. S. Atty., Macon, Ga., for appellant.

John E. Feagin, Atlanta, Ga., W. A. Bootle, Macon, Ga., Scott Hogg, Atlanta, Ga., Carlisle & Bootle, Macon, Ga., of counsel, for appellees.

Before HOLMES and STRUM, Circuit Judges, and THOMAS, District Judge.

THOMAS, District Judge.

These income tax refund cases in the trial court were essentially and predominantly family partnership cases. The Commissioner had refused to recognize Mrs. Grace L. Hogg, the mother of the three appellees, as a legal partner with her sons in R. H. Hogg & Company, a partnership engaged in the wholesale whiskey business. The three cases here on appeal, and three other cases which involved different years and only the partnership issue, were all consolidated for trial. By agreement, the partnership issue, common to all six cases, was submitted to a jury; and all other issues, including the questions now before this court, were reserved for determination by the trial judge without a jury. The jury resolved the partnership issue in all cases in favor of the taxpayers; and the trial judge decided all other issues in their favor.[1]

The issues now on appeal are confined to the treatment for the tax year 1944 of certain purchases and sales of distillery stock and whiskey. Broadly speaking, these issues pose the following questions:

1. Was the loss to the partnership on the purchase and sale of shares of stock in a distillery corporation a business expense or a capital loss?

2. Should the difference between purchase price and market price of a quantity of whiskey obtained at less than market value by the partnership have been reported as a taxable gain?

3. Was the profit to Robert H. Hogg Jr. from the transfer of his distillery stock to the partnership a long-term capital gain or a short-term capital gain?

The facts are as follows:

At all times pertinent, the taxpayers, Robert H. Hogg Jr., Gordon Scott Hogg and Jack B. Hogg, and their mother, Mrs. Grace L. Hogg, composed a partnership, R. H. Hogg & Company, engaged in the wholesale whiskey business. A principal source of supply of whiskey to the partnership was the American Distilling Company.

About November 8, 1943, Robert H. Hogg, Jr., individually, purchased 600 shares of American Distilling Company stock at a cost to him of $39,736.43. Subsequently, the American Distilling Company gave each record owner of its

1. Hogg v. Allen, Collector of Internal Revenue, D.C., 105 F.Supp. 12.

stock the privilege of purchasing $^{19}\!/_{20}$ of a barrel of whiskey for each share of stock at a price which was $37.42 less than its market price. On February 21, 1944, after the announcement of the distribution of the rights to purchase whiskey by the American Distilling Company, Robert H. Hogg Jr. transferred the said 600 shares to the partnership, R. H. Hogg & Company. At the time of this transfer the 600 shares had a market value of $66,000, which amount was credited to the capital account of Robert H. Hogg Jr. on the books of the partnership.[2] This amount he subsequently withdrew for his own use.

At approximately the same time, the partnership purchased from Marie Stiga, for $4,000, the whiskey purchase rights appurtenant to 50 additional shares of American Distilling Company stock. The 50 shares of the Stiga stock were transferred to the partnership for the purpose of exercising the whiskey purchase rights; but the partnership never had beneficial title thereto, and these shares were returned to Mrs. Stiga after the rights were exercised.

By the exercise of the whiskey purchase rights appurtenant to the 600 shares obtained from Robert H. Hogg Jr. and the 50 shares acquired from Mrs. Stiga, the partnership obtained a quantity of whiskey for a total of $24,323 less than the market price.

After the exercise of the whiskey purchase rights appurtenant to the 600 shares, the partnership sold this stock on the open market between December 6 and December 12, 1944, for $16,539.21.

In its income tax return for 1944, the partnership deducted $49,429.59, representing the difference between the value of the 600 shares when acquired from Robert H. Hogg Jr. and the price received on the sale of such shares after the exercise of the whiskey purchase rights, as an ordinary and necessary expense of doing business, and as an ordinary loss incurred in business under Section 23 of the Internal Revenue Code, 26 U.S.C.A. It similarly deducted the $4,000 paid for the Stiga purchase rights as an ordinary and necessary expense of doing business and as an ordinary loss incurred in business.

The partnership did not report as a taxable gain the $24,323 which the government contends was in effect a dividend resulting from the purchase of whiskey at less than its market value by reason of the exercise by the partnership of the whiskey purchase rights appurtenant to the 650 shares of American Distilling Company stock.[3] On the other hand, the partnership took this whiskey into inventory at cost price and reported income on the net profit resulting from the ultimate sale of the whiskey, as with any other merchandise bought and sold in the ordinary course of business.[4]

The returns for 1944 of the individual partners reflected the distribution and assignment of the net income, gains and losses shown on the partnership return. In addition, Robert H. Hogg Jr. reported in his 1944 return $26,263.57, the difference between the cost of the 600 shares of American Distilling Company stock to him and the market value of such stock at the time he transferred it to the partnership, as a long-term capital gain, adding on to his own holding period the subsequent holding period of the partnership.

With respect to the return of the partnership for 1944, the Commissioner disallowed as an ordinary and necessary expense or ordinary loss incurred in business, except for $31.20 representing taxes paid on the sale of the stock, the deduction of $49,460.79, the difference between the market value of the 600 shares at the time they were acquired from Robert H. Hogg Jr. and the price at which the were sold by the partnership, and

2. Footnote 1, supra. Finding of Fact 29(d).

3. Sections 22(a) and 115, Internal Revenue Code. Treas.Reg. 111, Sec. 29.22 (a)–1.

4. Footnote 1. Finding of Fact 29(h).

**643**

treated this amount as a long-term capital loss. The Commissioner made a similar disallowance of the deduction of $4,000 paid for the 50 whiskey purchase rights obtained from Mrs. Stiga and treated that amount as a short-term capital loss.

The Commissioner included in the income of the partnership the sum of $22,452, being the difference between the cost and market value of the whiskey purchased by the partnership by the exercise of the purchase rights appurtenant to the shares of stock obtained from Robert H. Hogg Jr.[5]

In accordance with his adjustments to the partnership return for 1944, the Commissioner made corresponding adjustments to the income tax returns for the individual partners for that year. With respect to the individual return of Robert H. Hogg Jr., the Commissioner disallowed the claimed long-term capital gain of $26,263.57 (which amount represented the difference between the cost to Robert H. Hogg Jr. of the 600 shares and their value at the time of the transfer to the partnership), and treated two-thirds of this amount[6] as a short-term capital gain.

As a result of this determination and adjustments in the partnership and individual returns of the partners for 1944, the Commissioner made deficiency assessments against the taxpayers which were paid. Claims for refunds were subsequently rejected and suits were commenced.

As has been stated, the taxpayers prevailed on all issues in the trial court; the partnership issue is not raised on these appeals; and the questions involved here are:

1. Whether or not the loss on the sale of the 600 shares of American Distilling Company stock and the $4,000 paid for the Stiga rights should be treated as a business expense under Section 23(a); a loss not compensated for by insurance under Section 23(e); or a capital loss under Section 117 of the Internal Revenue Code.

2. Whether or not Robert H. Hogg Jr. can include the time the partnership held the 600 shares of stock with the time he owned the stock individually so as to claim a long-term capital gain under Section 117 upon all or any part of his profit.

3. In the event the period the stock was held by the partnership is to be included in determining whether there was a long- or short-term capital gain or loss to Robert H. Hogg Jr., then, whether the basis of gain or loss to the partnership on its subsequent sale of the stock should be the cost to Robert H. Hogg Jr., namely $39,736.43; or should be $66,000.00, the amount with which Robert H. Hogg Jr. was credited on the books of the partnership at the time of the transfer. Section 113(a) (13) of the Internal Revenue Code.

4. Whether or not the $24,323, representing the difference between the amount the partnership actually paid for the bonus whiskey and the market value of a like amount of whiskey at the time of acquisition, should have been reported as gross income by the partnership under Sections 22(a) and 115 of the Internal Revenue Code.

We agree with the trial court's finding that the partnership's net outlay in acquiring the 600 shares of American Distilling Company stock and the rights under the Stiga stock was properly treat-

5. The Commissioner did not include as income to the partnership the now asserted claim of a similar gain of $1,871 from the exercise of the whiskey purchase rights appurtenant to the 50 shares of Stiga stock. The issue with respect to the income on these rights is, however, also before this court, the total amount involved under the two claims being $24,323.

6. The Commissioner, having held that Grace L. Hogg was not a bona fide partner for tax purposes, treated the partnership as being composed of the three sons. The jury in the district court found that she was a partner, and that issue is not raised on these appeals. The government now contends that the entire holding period ended upon the transfer to the partnership, so that the entire gain to the taxpayer was a short-term gain.

**644**

ed in the partnership return as a business expense. We need add nothing to the trial court's conclusion of law No. 5. Hogg v. Allen, footnote 1, supra.

 We agree with the holding of the Commissioner, however, that the two periods of ownership of the 600 shares, namely that of Robert H. Hogg Jr. and of the partnership, cannot be tacked so as to permit Robert H. Hogg Jr. to claim a long-term capital gain on the total profit to him from the transfer. We further agree with the government's present contention that Robert H. Hogg Jr. is not entitled to claim a fractional long-term capital gain based on any proportionate interest in the partnership. Inasmuch as we hold the partnership is permitted to charge off as an expense of doing business the loss sustained through the purchase and sale of the 600 shares, we think it follows that Robert H. Hogg Jr. must treat his entire profit on the stock transfer as a short-term capital gain. In fact, we think this is true in any event. The trial judge reached an opposite decision in his conclusion of law No. 6, Hogg v. Allen, supra, based primarily upon his interpretation of Sections 113 (a) (13) and 117(h) (2). These sections are somewhat cloudy; but, as we read them, the period which a transferor *shall* tack on to determine his taxable gain or loss under certain conditions, is a period which antedates his own holding, and not one which is subsequent to the time he makes the transfer.

Our holding with reference to the treatment of the stock transfer by Robert H. Hogg Jr. to the partnership, eliminates question No. 3.

As to the government's claim of a reportable gain growing out of the whiskey purchase rights, these rights did not come as a windfall distribution (something for free) to the partnership from the corporation, but were bought and paid for by the partnership.[7] The amount of whiskey acquired by the partnership at a reduced price through the exercise of the purchase rights of the entire 650 shares was taken into the partnership inventory at cost, sold by the partnership in the ordinary course of business, and the net profit thereon reported as taxable income to the partners. We hold, therefore, that the difference between the purchase price of the bonus whiskey and its market value at the time of acquisition was properly not included in the partnership return for 1944 as gross income under Sections 22(a) and 115 of the Internal Revenue Code.

The judgment of the lower court is affirmed save as to Robert H. Hogg Jr. As to him, it is reversed in part and remanded with direction that his tax be redetermined in accordance with this opinion, Robert H. Hogg Jr. to be taxed with one-sixth of the costs of this appeal.

Affirmed in part, reversed in part, and remanded with direction.

---

, **7.** Footnote 1, supra. Finding of Fact 29(h).