**MISSOURI ETHICS COMMISSION, Appellant,**

v.

**Scott E. THOMAS, Respondent.**

**No. WD 53801.**

Missouri Court of Appeals, Western District.

Dec. 9, 1997.

As Modified Dec. 23, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Paul R. Maguffee, Jane A. Rackers, Asst. Attys. Gen., Jefferson City, for appellant.

Jon E. Beetem, Hearne, Nickolaus, Green & Beetem, Jefferson City, for respondent.

Before BERREY, P.J., and ELLIS and EDWIN H. SMITH, JJ.

ELLIS, Judge.

Scott E. Thomas was employed by the Missouri Department of Revenue as the Special Agent in Charge of the Kansas City Office of the Criminal Investigation Bureau from September 1, 1984 to November 21, 1995. As the Special Agent in Charge, Thomas was responsible for supervising the employees in the Kansas City office.[1] Thomas also had the discretion to determine what supplies or items were needed by the office. Supplies or items not available by requisition from the central stores section of the Department of Revenue were acquired from an outside vendor. When an employee had to purchase supplies from an outside vendor, the employee could either obtain approval for the purchase in advance, or they could seek reimbursement for the cost of the supplies by submitting a request on their expense report. Thomas reviewed and initialed the requisitions and expense reports. Initialed expense reports were forwarded to the administrator of the Criminal Investigation Bureau.

On September 15, 1994, Thomas was identified as a decision-making public servant by the Director of the Department of Revenue in a list submitted to the Missouri Ethics Commission (the Ethics Commission). Section 105.483 requires "any person identified as a decision-making public servant pursuant to subdivision (6) of section 105.450"[2] to file a financial interest statement with the Ethics Commission. The statement must be filed by May 1st of each year, § 105.487(3), and the Ethics Commission is to assess a late filing fee of $10 per day for each day a statement remains unfiled thereafter. § 105.963.3. Thomas did not file a financial interest statement with the Ethics Commission until May 26, 1995, and was assessed a late filing fee of $250.

On December 15, 1995, Thomas appealed to the Administrative Hearing Commission (AHC) seeking review of the late fee assessment. The matter was submitted on stipulated facts. The AHC determined that the plain language of § 105.450(6) requires more than mere designation; it requires that the designated employee have a certain degree of responsibility or authority. The AHC concluded that the Ethics Commission failed to prove Thomas fell within the definition of a decisionmaking public servant and, therefore, he was not required to file a financial interest statement and could not be assessed a late filing fee.

The Ethics Commission appealed the AHC's finding to the Circuit Court of Cole County. The circuit court reversed the finding of the AHC concluding that: (1) any person identified as a decision-making public servant must file a financial interest statement, and (2) the AHC has neither the jurisdiction nor the authority to independently determine whether the individuals were correctly identified as decision-making public servants. Thomas appeals from that ruling.

On appeal from a circuit court's review of an administrative decision, we review the decision of the AHC, not the decision of the court. *Missouri Dep't. Soc. Serv. v. Great Plains*, 930 S.W.2d 429, 433 (Mo. App. W.D.1996). Our review is generally limited to determining whether the decision of the AHC is supported by substantial competent evidence based on the record as a whole, as well as whether it is arbitrary, capricious, or unreasonable, or whether there was an abuse of discretion by the Commission. § 536.140.2. However, where the decision of the AHC involves the interpretation or application of law, or the pertinent facts are undisputed between the parties, as in the instant case, we independently review the matter as a question of law. *Cosada Villa v. Department of Soc. Servs.*, 868 S.W.2d 157, 159 (Mo.App. W.D.1994); *Department of Soc. Servs. v. Our Lady of Mercy Home*, 803 S.W.2d 72, 75 (Mo.App. W.D.1990). In such cases, we give no deference to either the AHC's or the circuit court's conclusions of law, but exercise our own independent judg-

---

1. Thomas was the highest ranking official in the Kansas City office.

2. All statutory references are to RSMo 1994, unless otherwise noted.

ment and draw our own conclusions from the AHC's findings. *Great Plains,* ·930 S.W.2d at 433.

In an effort to regulate conflicts of interest and lobbying by government officials and employees, specified individuals are required to file financial disclosure statements with the Ethics Commission. § 105.483. Section 105.483 identifies a host of officials and employees required to file, including "any person identified as a decision-making public servant pursuant to subdivision (6) of section 105.450." § 105.483(12). Section 105.450(6) defines a "decision-making public servant" as:

> an official, appointee or employee of the offices or entities delineated in paragraphs (a) to (i) of this subdivision who exercises supervisory authority over the negotiation of contracts, or has the legal authority to adopt or vote on the adoption of rules and regulations with the force of law or exercises primary supervisory responsibility over purchasing decisions and is designated by one of the following officials or entities as a decision-making public servant:
> (a) The governing body of the political subdivision with a general operating budget in excess of one million dollars;
> (b) A state commission or board;
> (c) A department, division, or agency director;
> (d) A judge vested with judicial power by article V of the Constitution of the state of Missouri;
> (e) Any commission empowered by interstate compact;
> (f) A statewide elected official;
> (g) The speaker of the house of representatives;
> (h) The president pre tem of the senate;
> (i) A board of regents or board of curators of a state institution of higher education;

§ 105.450. The Ethics Commission must assess a late filing fee of $10 per day against any person required to file a financial interest statement, who fails to timely do so. § 105.963.3.[3]

On appeal, the Ethics Commission challenges the AHC's authority to determine independently whether Thomas was properly designated as a decision-making public servant. The Ethics Commission argues that the obligation to file a financial interest statement is conclusively triggered by the mere designation of an individual as a decision-making public servant by an appropriate official or entity. According to the Ethics Commission, this obligation is not subject to review by the AHC. The Ethics Commission suggests it would be highly "impractical and inefficient" for it to carry the burden of investigating and reviewing the job status and duties of each individual designated as a decision-making public servant to determine if the designation was appropriate.

■ This court recently considered and rejected this identical argument in *Missouri Ethics Commission v. Cornford,* 955 S.W.2d 32 (Mo.App. W.D.1997). In *Cornford,* as here, the Ethics Commission challenged the authority of the AHC to determine independently whether an individual performs the functions of a decision-making public servant. In *Cornford,* we found no indication in the language of § 105.450 "that the mere designation of a person as a decision-making public servant is conclusive in creating a duty to file a personal financial statement." *Id.* at 35. We noted that § 105.963(4) evinces an intent by the legislature that the AHC act as an impartial mechanism for the resolution of disputes concerning the filing requirement. *Id.* at 36. That section specifically endows the AHC with the authority to review the assessment of a late filing fee by the Ethics Commission:

> Any person assessed a late filing fee may seek **review of the assessment or the amount of the late filing fees assessed,** as his option, by filing a petition with the Administrative Hearing Commission, or without exhausting his administrative remedies may seek review of such issues with the circuit court of Cole County.

**3.** If the statement remains unfiled for a period greater than 30 days, the late filing fee increases to $100 per day.

§ 105.963(4).[4] We ultimately concluded, as a matter of law, that the legislature intended that the AHC have the authority to resolve disputes concerning the assessment of a late filing fee, including the propriety of the assessment. *Cornford,* 955 S.W.2d at 35.

Additionally, we concluded that there is no statutory requirement that the Ethics Commission independently determine whether the individual was properly designated as a decision-making public servant. *Id.* at 36. In fact, it is statutorily obligated to assess a late filing fee against anyone identified as a decision-making public servant who fails to file a personal interest financial statement. *Id.* at 35. Thus, the Ethics Commission's contention that it would be unduly burdened with the responsibility of investigating whether the individual is required to file a personal interest statement is without merit. In light of our holding in *Cornford,* we find the AHC was within its authority to determine for itself whether Thomas was required to file a financial interest statement.

█ We next consider the Ethics Commission's claim that the AHC erred in finding that Thomas was not a "decision-making public servant" and, therefore, not required to file a financial interest statement. Because this case was submitted on stipulated facts, we are not bound by the AHC's conclusions of law, but exercise our own independent judgment and draw our own conclusions from the AHC's findings. *Great Plains,* 930 S.W.2d at 433.

Section 105.450(6) defines a "decision-making public servant" as one who: (1) exercises supervisory authority over the negotiation of contracts; (2) has the legal authority to adopt or vote on the adoption of rules and regulations with the force of law; or (3) exercises primary supervisory responsibility over purchasing decisions. There is no evidence that Thomas has any rulemaking power or that he negotiates contracts. The evidence shows that Thomas is the highest-ranking employee in the Kansas City office, with supervisory power over the other employees in the office and the discretion to determine what supplies were needed by the office; however, it does not indicate that he had **primary authority over purchasing decisions.** The evidence indicates that although Thomas reviewed and initialed expense reports and requisitions of the employees he supervised, these documents were then forwarded to Oliver Dixon, the administrator of the Criminal Investigation Bureau. The evidence was that if "Thomas did not review and initial the expense report or requisition and/or Oliver Dixon did not approve the expense report or requisition, the employee would not be reimbursed or the requisition would not be filled from central stores." Although the evidence indicated that employees could obtain approval in advance for the purchase of items from outside vendors, it did not reflect who had the actual authority to make the approval. In sum, the record does not support a finding that Thomas had final and primary authority over the Bureau's purchasing decisions. To the contrary, it appears from the evidence that Thomas' decisions regarding purchasing were subject to the approval of the Administrator of the Criminal Investigation Bureau.

Thomas' job functions were not shown to fall within the definition of a "decision-making public servant" as set forth in § 105.450(6). Accordingly, his designation as such, as well as the subsequent assessment of a late filing fee for his failure to file a financial interest statement were improper.

The judgment is reversed and remanded with directions to reinstate the decision of the Administrative Hearing Commission.

All concur.

---

4. "The Administrative Hearing Commission was created as an adjunct executive agency to exercise independent and impartial decision making authority in disputes between agencies and those persons affected by their actions." *State Tax Comm'n v. Administrative Hearing Comm'n,* 641 S.W.2d 69, 75 (Mo. banc 1982).