Craig PAULSON, Appellant,

v.

MISSOURI DEPARTMENT OF REVENUE, Respondent.

No. WD 54342.

Missouri Court of Appeals,
Western District.

Jan. 27, 1998.

Craig Paulson, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

Before ELLIS, P.J., and HOWARD and RIEDERER, JJ.

### Petition for Judicial Review of the Decision of the Administrative Hearing Commission

RIEDERER, Judge.

Craig Paulson filed a petition for judicial review pursuant to Section 621.189 RSMo. 1994 from the determination of the Administrative Hearing Commission that Appellant was a resident of Missouri during 1994 and from the Commission's determination that Appellant was therefore liable for state income tax for that year. The decision of the AHC is affirmed.

### FACTS

Craig Paulson has served in the United States Air Force since 1985. From 1985 to 1990 Paulson was stationed at Whiteman Air Force Base in Missouri. During that period, Paulson and his wife, Janet Paulson, filed Missouri income taxes and reported to the military that Missouri was their home of record for United States income tax purposes.

From 1990 to 1994, the Air Force transferred Paulson and his wife to a number of

bases in various states. The Paulsons never indicated an intention to remain in any of those places indefinitely, nor to establish permanent residency in any of these other states and did not declare them as home of record to the military. In 1994, the tax year in question, Paulson again declared Missouri as home of record to the military for federal income tax purposes.

Paulson and his wife separated in 1994. Janet Paulson and the couple's two children moved from Alaska, where Paulson was stationed, to Holden, Missouri. During 1994, Paulson spent over thirty days of military leave in Missouri visiting his children. He remained in Alaska the rest of the year.

The Paulsons filed a joint federal income tax return for 1994 and a combined Missouri income tax return. Paulson paid no Missouri tax for the year, while his wife paid $49.

On May 21, 1996, the Revenue Director issued a final decision assessing a deficiency of $2473 in state income tax due from Paulson for the 1994 tax year. The Department of Revenue had found that the amount of federal income tax due as reported on the Paulsons' 1994 return was not consistent with their reported federal adjusted gross income. The Director calculated the state income tax deficiency based on the federal income tax return filed by the Paulsons. The Department assessed additional penalties for not filing in a timely manner.

Paulson appealed to the Administrative Hearing Commission (AHC). The AHC concluded that Paulson was a resident of Missouri during 1994 and found Paulson liable for $1859 in tax, but not liable for additional penalties for failing to file in a timely manner. Paulson then appealed to this Court.

## JURISDICTION AND STANDARD OF REVIEW

This is a petition for review from a final decision of the Administrative Hearing Commission, which affirmed the assessment by the Director of Revenue of additional tax on Craig Paulson. Such a decision is reviewable by the Supreme Court or this court under Section 621.189 RSMo (1994). *Goldberg v.* *Administrative Hearing Commission,* 609 S.W.2d 140, 142 (Mo. banc 1980).

The Supreme Court has exclusive jurisdiction over all cases concerning construction of Missouri revenue laws. Mo. Const. Art. V Section 3 (amended 1982). Where, as here, the language of a statute is unambiguous, there is no room for construction of the statute, and the court must give effect to the plain meaning of the statute as it is written. *L & R Distributing Co. v. Mo. Dept. of Revenue,* 648 S.W.2d 91, 95 (Mo. 1983). Jurisdiction resides in this court because this case does not involve the construction of Section 143.011 RSMo (1994), but rather involves the application of that law in its plain meaning to undisputed facts. *Goldberg,* 609 S.W.2d at 142.

Factual determinations and the final decision of the AHC shall be upheld when authorized by law and supported by competent and substantial evidence upon the whole record. Section 621.193 (RSMo 1994); *Concord Publishing House v. Director of Revenue,* 916 S.W.2d 186, 189 (Mo. banc 1996). Substantial evidence is evidence that has probative force and from which the trier of fact reasonably could find the issues in harmony therewith. *Halford v. Missouri State Highway Patrol,* 909 S.W.2d 362, 364 (Mo.App. 1995). Reviewing courts may not substitute their judgment on the evidence for that of the administrative agency, and must defer to the agency's findings of fact. *Kendrick v. Board of Police Commissioners of Kansas City, Missouri,* 945 S.W.2d 649, 651 (Mo. App.1997). If the agency's decision is supported by substantial and competent evidence on the whole record, it must be affirmed. *Id.* Reviewing courts must reverse the agency's findings if it is determined that the decision is not supported by competent and substantial evidence on the whole record, or if the decision constitutes an abuse of discretion, or is unauthorized by law, or is arbitrary and capricious. *Id.*

## MISSOURI RESIDENCY

The first issue on appeal is whether Paulson was a resident of Missouri during 1994, and therefore was subject to Missouri state income tax in that year. The AHC

decided that Paulson was a Missouri resident, and thus was liable for the additional income tax assessed by the Director of Revenue. We agree.

Section 143.011 RSMo provides that a "tax is hereby imposed for every taxable year on the Missouri taxable income of every resident." Section 143.101.1 RSMo defines "resident" as:

> an individual who is domiciled in this state, unless he (1) maintains no permanent place of abode in this state, (2) does maintain a permanent place of abode elsewhere, and (3) spends in the aggregate not more than thirty days of the taxable year in this state;

In order for Paulson to be considered a nonresident, he would have to meet all three of these provisions. Paulson admitted that he spent more than thirty days in the state in 1994; thus he cannot be excepted from residency, unless he was not domiciled in the state.

 A domicile is that place where a person has his true, fixed and permanent home and principal establishment to which, whenever he is absent, he has the intention of returning. *In re Estate of Potashnick*, 841 S.W.2d 714, 720 (Mo.App.1992). "A person can have but one domicile, which, when once established, continues until he renounces it and takes up another in its stead." *In re Estate of Toler*, 325 S.W.2d 755, 759 (Mo.1959). In determining whether a person has the requisite intent to remain at a place either permanently or for an indefinite period of time, the court should consider the declarations of the person and the acts done before, at, and after the time the domicile is in dispute. *Klindt v. Klindt*, 888 S.W.2d 424, 427 (Mo.App.1994). For a person to change domicile, there must be presence in a new domicile and present intent to remain there indefinitely and make that location one's permanent address. *Potashnick*, 841 S.W.2d at 720.

From 1985 to 1990, Paulson established Missouri as his domicile. During that time, Paulson was stationed and lived at Whiteman Air Force Base in Missouri. He filed Missouri income taxes and declared Missouri as home of record to the military for United States income tax purposes. The Air Force transferred Paulson to other states from 1990 to 1994. The AHC determined that the Paulsons did not intend (1) to remain in any of those places indefinitely; (2) to make those states a permanent residence; or (3) to declare those states as home of record to the military for United States income tax purposes. Paulson testified that while stationed at Eielson Air Force Base in 1994, the tax year in question, he again declared Missouri as home of record to the military. In 1994, Paulson also possessed a Missouri drivers' license and he listed Missouri as his state of residence on his W–2 form. Since he never renounced Missouri and took up another domicile in its stead, Missouri remained his domicile. *Toler*, 325 S.W.2d at 759.

We find that the factual determination of the AHC that Paulson was a Missouri resident during the 1994 tax year and was therefore subject to the Director's assessment of additional tax, was supported by competent and substantial evidence upon the whole record.

## OTHER ISSUES

 The Appellant claims that he was denied effective cross-examination at the AHC hearing under Section 536.070(2) RSMo (1994) because he did not have access to the documentation supporting the Department of Revenue's calculations and actions. He contends that the lack of documentation denied him the ability to probe the genesis of the Department's case. However, the record shows that both on direct and cross examinations, the Department's witness emphasized that the Department issued the notice of deficiency because they recognized that the federal tax deduction claimed on the return was not consistent with the income reported on the return. The Department of Revenue relied upon the state and federal tax returns and the Department's tax assessments, which were the primary documentation, and admitted them into evidence. Paulson did not specify what additional documentation he needed for effective cross-examination. The record does not reveal any interference with the scope of Paulson's cross-examination.

The AHC Commissioner gave Paulson ample opportunity to present his evidence and to cross-examine the Director's witness. Paulson was not denied effective cross-examination.

■ The Appellant also claims that he was prejudiced because of violations of the Soldiers' and Sailors' Civil Relief Act (SSCRA), 50 U.S.C.A.App. Sections 520 and 573. We find no such evidence of prejudice. Section 520 is a broad statute designed to "prevent default judgments from being entered against members of the armed services in circumstances where they might be unable to appear and defend themselves." *U.S. v. Kaufman*, C.A.N.Y.1971, 453 F.2d 306, 308–9. This case, however, involves a tax assessment, not a default judgment, by the Department of Revenue, and Paulson has had a full opportunity personally to contest this action.

■ Paulson also claims that the Commissioner failed to find whether or not the Department of Revenue was barred by SSCRA Section 573 from collecting the tax. Section 573 provides in relevant part that:

The collection from any person in the military service of any tax on the income of such person, whether falling due prior to or during his period of military service, shall be deferred for a period extending not more than six months after the termination of his period of military service if such person's ability to pay such tax is materially impaired by reason of such service.

Paulson asserts that his military service, specifically his station at an Air Force Base in Alaska, helped cause the break-up of his marriage. He claims that since he is the spouse with the greater income, he suffers a financial hardship from being responsible for a greater percentage of the debts of the marriage. Appellant cites no case law in support of this claim. The few cases in which this section has been invoked date to the World War II and Korean War era, when servicemen were out of contact and out of the country for extended periods of time. *See e.g., Hogg v. Allen*, 105 F.Supp. 12 (M.D.Ga. 1952) affirmed in part, reversed in part on other grounds 214 F.2d 640 (C.A.5 1954).

Paulson was not materially impaired by military service in accordance with Section 573.

■ Paulson's final contention was that the AHC created a "new rule" which disallowed Paulson from representing his wife's interest on appeal. He asserted that this new rule did not follow the promulgation requirements of Chapter 536, RSMo, that he and his wife had been treated as a single entity by the Department of Revenue, and that they should continue as such. The AHC did not create a new rule. The Paulsons were required to file a combined Missouri return because they filed a joint federal return. Section 143.031. However, the liabilities of Paulson and his wife were separate, not joint and several. Section 143.491. Paulson's wife did not appeal the final decision of the Director of Revenue and assert her interest. Thus the AHC had no jurisdiction over Paulson's wife. In addition, the AHC relied on the Missouri Supreme Court's decision in *Reed v. Labor & Industrial Relations Comm'n*, 789 S.W.2d 19, 23 (Mo. Banc 1990), in stating that Paulson could not represent his wife on appeal because he had not shown that he was a member of the Bar.

For the foregoing reasons, we affirm the decision of the AHC.

It is so ordered.

All concur.