James M. YATES, Appellant,

v.

**DIRECTOR OF REVENUE,**
**Respondent.**

No. WD 69876.

Missouri Court of Appeals,
Western District.

Feb. 24, 2009.

Rehearing Denied March 31, 2009.

James M. Yates, Chesterfield, pro se.

James R. Layton, Jefferson City, MO, for Respondent.

Before JAMES M. SMART, JR., P.J., JOSEPH M. ELLIS, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

James M. Yates seeks judicial review of a decision by the Administrative Hearing Commission finding that Yates was a resident of Missouri during 2000 and was, therefore, liable for state income tax, additions to tax pursuant to section 143.741.1, RSMo 2000, and interest. Yates contends that, because he was a resident of Illinois in 2000, he did not owe Missouri income tax. He also contends that he is not liable for a twenty-five percent addition to tax because he acted in good faith and not with willful neglect in not filing a Missouri income tax return. We affirm.

Throughout 2000, Yates was married to Jacqueline Mackman Yates. Yates and his wife owned a house together in Missouri in 2000. Sometime in 2000, Yates's wife filed for a divorce. The divorce, however, was not final until January 2002.

During 2000, Yates spent most of his time in Chicago, Illinois, where he worked for Universal Access. While in Chicago,

Yates stayed in an apartment provided by his employer. According to Yates, in 2000, he worked in Chicago during the week, and on weekends he would "many times" return to Missouri and "many times" stay in Chicago.

Yates acknowledged that "some mail" continued to be sent to him at his Missouri address even though he was working in Illinois. Indeed, Yates's 2000 W–2 was directed to his Missouri address. Moreover, the Federal Internal Revenue Service in its Wage and Income Transcript for the Tax Year 2000 noted that, in addition to Yates's W–2, his IRA Roth Account, two of his Form 1098 Mortgage Interest Statements, his Form 1099–G, and his Form 1099–Div listed "St. Louis, Missouri," as Yates's address.

According to the terms of their separation agreement, Yates testified that he and his wife were required to file joint federal and state tax returns for 2000. Yates and his wife filed a joint federal income tax return for 2000, reporting an income of $3,253,477.73, but they did not file a joint 2000 state income tax return either in Missouri or in Illinois. Yates's wife later filed a 2000 federal income tax return and a 2000 Missouri income tax return with a status of married filing separate. Yates said that he did not file a 2000 Missouri income tax return because he was required by the divorce decree to file a joint return and his attorney was unable to find Yates's ex-wife to have her sign the return.

On September 9, 2005, the Director of Revenue sent Yates a request for tax return, stating that Yates had not filed a 2000 Missouri income tax return. When Yates failed to file a return, the Director issued a notice of deficiency, plus additions and interest. Yates protested the notice of deficiency, and the Director denied the protest. Yates then sought relief in the Administrative Hearing Commission, and

the Commission determined that Yates was entitled to a credit for income tax paid to Illinois but that, as a Missouri resident, he remained liable for 2000 Missouri income tax in the amount of $21,420 plus interest. The Commission also determined that Yates failed to make any showing of a good faith effort to file a 2000 Missouri income tax return and, pursuant to section 143.741.1, RSMo 2000, ordered Yates to pay a twenty-five percent addition to tax. Yates appeals.

■ Although the Missouri Supreme Court has exclusive jurisdiction over all cases concerning construction of Missouri revenue laws, this case does not involve the construction of a revenue law but involves the application of law to undisputed facts. *Paulson v. Mo. Dep't of Revenue*, 961 S.W.2d 63, 65 (Mo.App.1998). Indeed, this case was originally filed with the Supreme Court, but the Supreme Court transferred the case to this court. This court, therefore, has jurisdiction over this matter.

■ We will uphold the Administrative Hearing Commission's decision if it is "authorized by law and supported by competent and substantial evidence upon the whole record unless the result is clearly contrary to the reasonable expectations of the General Assembly." *Mlady v. Dir. of Revenue*, 108 S.W.3d 12, 14 (Mo.App.2003); § 621.193, RSMo 2000. We will not substitute our judgment on the evidence for that of the Commission, and we defer to the Commission's findings of fact. *Paulson*, 961 S.W.2d at 65. "Where the decision of the AHC involves the interpretation or application of law, or the pertinent facts are undisputed between the parties, the reviewing court independently reviews the matter as a question of law." *Mlady*, 108 S.W.3d at 14. Yates had the burden of proof before the Commission to establish

that that he was not a Missouri resident. § 621.050.2, RSMo 2000.

▮▮▮ Missouri imposes a tax "for every taxable year on the Missouri taxable income of every resident." § 143.011, RSMo 2000. Section 143.101.1, RSMo 2000, defines "resident" as:

[A]n individual who is domiciled in this state, unless he (1) maintains no permanent place of abode in this state, (2) does maintain a permanent place of abode elsewhere, and (3) spends in the aggregate not more than thirty days of the taxable year in this state; or who is not domiciled in this state but maintains a permanent place of abode in this state and spends in the aggregate more than one hundred eighty-three days of the taxable year in this state.

"A domicile is that place where a person has his true, fixed and permanent home and principal establishment to which, whenever he is absent, he has the intention of returning." *Paulson,* 961 S.W.2d at 66. "A person can have but one domicile, which, when once established, continues until he renounces it and takes up another in its stead." *In re Estate of Toler,* 325 S.W.2d 755, 759 (Mo.1959). "Mere presence at another location, no matter how prolonged, will not affect a change of domicile without an intention to make the new place a permanent residence or home." *Fritzshall v. Bd. of Police Comm'rs,* 886 S.W.2d 20, 27 (Mo.App.1994). To change a domicile, a person must be personally present in the new place and have a present intent to remain there indefinitely or permanently "without any fixed or certain purpose to return to the former place of abode." *Toler,* 325 S.W.2d at 759.

▮▮▮ The undisputed facts in this case establish that Yates was a Missouri resident in 2000 and, therefore, was required to file a Missouri income tax return and to pay any taxes owed. Although Yates testi-

fied that in 2000 he spent most of his time in Chicago working for Universal Access, no evidence was presented that Yates intended to remain in Chicago either permanently or for an indefinite period without any fixed or certain purpose to return to Missouri. As we noted previously, "[m]ere presence at another location, no matter how prolonged, will not affect a change of domicile without an intention to make the new place a permanent residence or home." *Fritzshall,* 886 S.W.2d at 27. Nor did the evidence establish that Yates maintained a permanent place of abode in Chicago. The evidence merely established that Yates's employer provided him housing in Illinois.

The evidence established that Yates was an owner of a house in Missouri, that he used the Missouri address for official correspondence, and that, although he worked in Chicago during the week, he returned "many times" to Missouri on weekends. Yates never renounced Missouri as his domicile and took up another in its stead. *Toler,* 325 S.W.2d at 759. The Commission's decision that Yates was a Missouri resident and subject to Missouri income tax in 2000 was authorized by law and supported by competent and substantial evidence upon the whole record.

▮▮▮ In his second point, Yates claims that the Commission's decision that his failure to file a Missouri 2000 income tax return was not in good faith and that, therefore, he was subject to a twenty-five percent addition to tax pursuant to section 143.741.1 was not authorized by law or supported by competent and substantial evidence. We disagree.

Section 143.741.1 provides:

In case of failure to file any return required under sections 143.011 to 143.996 on the date prescribed therefor (determined with regard to any exten-

sion of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return five percent of the amount of such tax if the failure is not for more than one month, with an additional five percent for each additional month or fraction thereof during which such failure continues, not exceeding twenty-five percent in the aggregate.

Yates claims that his failure to timely file a 2000 return was due to reasonable cause and not due to willful neglect. In particular, he claims that he did not file a 2000 Missouri income tax return because he was required by the divorce decree to file a joint return and his attorney was unable to find Yates's ex-wife to have her sign the return.

The return in this case was due on April 15, 2001. *See* § 143.511, RSMo 2000. On that date, Yates was still married. The divorce did not become final until 2002. Yates's difficulty in filing a joint return after the divorce became final in January 2002, does not explain why a 2000 state tax return was not filed by the due date. Moreover, the evidence in this case established that Yates knew that he had an obligation to file a joint Missouri income tax return with his wife as required by the divorce decree. Indeed, Yates complied with that obligation by filing a joint 2000 federal income tax return with his wife sometime after November 2002. The federal return was signed by Yates's ex-wife and dated November 6, 2002. Yates, however, did not file a 2000 state income tax return at that time. Further, as of the January 4, 2006 hearing before the Commission, Yates had not filed either a Missouri or Illinois income tax return.

The Commission's decision that Yates did not act in good faith but willfully neglected to file a 2000 Missouri income tax return was authorized by law and supported by competent and substantial evidence upon the whole record. Yates is liable for the twenty-five percent addition to tax.

We, therefore, affirm the Commission's decision.

All concur.