VAN CLEAVE PRINTING
COMPANY, Appellant,

v.

DIRECTOR OF REVENUE,
Respondent.

No. 71685.

Supreme Court of Missouri,
En Banc.

Feb. 13, 1990.

Rehearing Denied March 13, 1990.

James M. Matthews, Kansas City, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

An appeal from a final decision of the Administrative Hearing Commission involving the construction of the revenue laws of the State of Missouri. This Court has exclusive jurisdiction. *Mo. Const. Art. V, § 3.* Affirmed.

Van Cleave Printing sold printed materials (bond certificates) to several purchasers, without collecting a sales tax or obtaining a certificate from the purchaser stating that the sales were exempt from the tax. All sales in question involved either a Missouri political subdivision or an Industrial Development Authority (IDA) operating pursuant to *Chapter 349,* RSMo 1986. After examining the transactions, the Director of Revenue assessed an additional sales tax to Van Cleave. Van Cleave ap-

pealed to the Administrative Hearing Commission.

The Commission set aside the tax assessed on sales to political subdivisions, holding that such entities are exempted by the Missouri Constitution from sales and use taxes, and therefore, exemption certificates are unnecessary. However, the Commission upheld the assessment of the tax on the sales to IDAs, as Van Cleave failed to obtain and keep exemption certificates as required by *§ 144.210,* RSMo 1986. The Commission stated that the only acceptable evidence that the tax is not due from the vendor is a properly executed exemption certificate from the purchaser. Van Cleave appeals the decision of the Commission to the extent it upheld the tax imposed upon sales to IDAs. Affirmed.

The decision of the Administrative Hearing Commission is to be upheld when authorized by law and supported by competent and substantial evidence upon the whole record, unless the result is clearly contrary to the reasonable expectations of the General Assembly. *Becker Electric Company, Inc. v. Director of Revenue,* 749 S.W.2d 403, 405 (Mo. banc 1988); *§ 621.193,* RSMo 1986.

The pertinent portion of the statute in question states:

The burden of proving that a sale of tangible personal property ... was not a sale at retail shall be upon the person who made the sale.... Exemption certificates signed by the purchaser or his agent shall be required to be kept by the seller as evidence for any exempt sale claimed.... *Section 144.210,* RSMo 1986.

Van Cleave contends this statute gives the seller two options. Either prove that the transaction was exempt from the sales tax or, in the alternative, obtain and keep signed exemption certificates from the purchaser. For support, Van Cleave points to several cases in which it contends that, in determining if a claim of exemption was proper, this Court has looked beyond the issue of whether the exemption certificates were kept. *See, Overland Steel, Inc. v.*

*Director of Revenue,* 647 S.W.2d 535 (Mo. banc 1983); *Becker Electric Co. v. Director of Revenue,* 749 S.W.2d at 403; *Floyd Charcoal Co., Inc. v. Director of Revenue,* 599 S.W.2d 173 (Mo.1980); and *Canteen Corp. v. Goldberg,* 592 S.W.2d 754 (Mo. banc 1980). However, a reading of the cases cited indicates that the issue of whether an exemption certificate is the only acceptable evidence of an exempt sale was not raised by either party or the Court, therefore, those decisions are not dispositive of the issue.

To read the statute as Van Cleave suggests would ignore the plain meaning of the legislation. The Court has long held that the primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. *Wolff Shoe Co. v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). Further, where a statute's language is clear and unambiguous, there is no room for construction. *Metro Auto Auction v. Director of Revenue,* 707 S.W.2d 397, 401 (Mo. banc 1986). In determining whether the language is clear and unambiguous, the standard is whether the statute's terms are plain and clear to one of ordinary intelligence. *Wolff Shoe Co.,* 762 S.W.2d at 31.

The mandatory language of the statute in question, "[e]xemption certificates signed by the purchaser or his agent *shall* be *required* to be kept by the seller as evidence for *any* exempt sales claimed," [emphasis added], is plain and free of ambiguity. An exemption certificate is required as evidence for any claim for an exemption.

The decision of the Administrative Hearing Commission is affirmed.

ROBERTSON, HIGGINS, COVINGTON and HOLSTEIN, JJ., concur.

BLACKMAR, C.J., dissents in separate opinion filed.

RENDLEN, J., dissents and concurs in dissenting opinion of BLACKMAR, C.J.

BLACKMAR, Chief Justice, dissenting.

The principal opinion purports to rely on the plain meaning of § 144.210, RSMo 1986. But that section simply does not say that the Director of Revenue may assess and collect taxes which are not lawfully owing, if the seller-taxpayer does not possess exemption certificates. Nothing in the statute says that the seller may not meet the burden of proof by other evidence.

The "exemption certificate" is a self-serving document, supplied by a buyer to a seller so that the seller does not add sales tax to the purchase price. If the seller possesses exemption certificates which are regular on their face, then challenges to the exemption must be made against the buyer. The certificate really proves nothing as to whether the transaction is exempt.

The certificate certainly is not binding on the Director. 12 C.S.R. 10–3.536(2) (1989) reads as follows:

> The furnishing of an exemption certificate to a seller by a buyer constitutes a claim by the buyer that the sale is exempt from sales tax. If the claim is found to be improper, the seller remains liable for the tax but the Department of Revenue may proceed against the buyer.

This substantially tracks the language of § 144.210. How can the claim be found to be improper, unless the Director of Revenue uses other evidence to impeach the certificate.

When the legislature wants to limit the types of admissible evidence it has available language such as that in § 474.155:

> A contract to make a will or devise, to revoke or not to revoke a will or devise, or to die intestate, if executed after January 1, 1981, *can be established only by* .... (emphasis added)

If such was the legislature's intent, it has not expressed it in § 144.210.

The Director should not be allowed to collect a deficiency the state is not entitled

to. I would allow the taxpayer to introduce evidence to resist the assessment and would reverse and remand to this end.