**WESTROPE & ASSOCIATES,**
Appellant,

v.

**DIRECTOR OF REVENUE and**
**Director of Insurance,**
Respondents.

No. WD 58780.

Missouri Court of Appeals,
Western District.

Oct. 23, 2001.

Donald E. Bucher, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Alana Barragan-Scott, Asst. Atty. Gen., Jefferson City, for respondent Mo. Director of Revenue.

Mark W. Stahlhuth, Jefferson City, for respondent Mo. Director od Insurance.

Before SPINDEN, P.J., BRECKENRIDGE and NEWTON, JJ.

PATRICIA BRECKENRIDGE, Judge.

Westrope & Associates filed a petition asking this court to review the decision of the Administrative Hearing Commission (AHC) which concluded that Westrope was liable for a penalty assessed by the Director of Revenue for the delinquent payment of a surplus lines tax. Westrope asserts that the AHC erred because § 384.054, RSMo 2000,[1] authorizing the penalty for late payment of a surplus lines tax, makes the imposition of the penalty discretionary, and not mandatory as the Director of Revenue concluded. Alternatively, Westrope asserts that § 384.054 is ambiguous and any ambiguity should be resolved in its favor, as the taxpayer. Because the plain and ordinary meaning of the language of § 384.054 shows the legislature's intention that the ten percent penalty is mandatory if the tax is not paid before April 16th, the decision of the AHC is affirmed.

1. All statutory references are to the Revised Statutes of Missouri 2000.

2. A surplus lines broker, like Westrope, is an individual broker or agent who deals directly with a person seeking insurance on risks resi-

## Facts and Procedural History

Westrope & Associates does business as a surplus lines insurance broker and, as such, is subject to a special tax.[2] The tax on premiums collected for surplus lines insurance written by Westrope during 1997 came to $119,624.25. Under § 384.059.1, Westrope was required to pay the tax "before April 16." On April 15, 1998, Westrope made arrangements for delivery of the check in payment of the tax, via Federal Express. The check was dated the next day, April 16, 1998, however, when it was picked up by Federal Express. On April 17, 1998, the Director of Insurance received the check. As authorized by § 384.054, the Director of Revenue assessed a penalty for failure to timely pay the surplus lines tax against Westrope of $11,962.43, which is ten percent of the tax, and interest.

Westrope filed a petition for review with the AHC challenging the assessment of the penalty. In its petition, Westrope claimed that the language of § 384.054 does not mandate a penalty, but rather permits the Director of Revenue discretion in issuing a penalty. The AHC granted the Director of Revenue's motion to join the Director of Insurance as a party. Thereafter, the AHC convened a hearing and, after the hearing, the parties filed written arguments. At the hearing Westrope argued that it had no intent to delay the payment and that the delay was caused by the mistake of an employee who had been instructed to pay the tax timely. Westrope further argued that the payment of the tax was received by the Director of Revenue only two days late, and that that did not justify the assessment of a nearly $12,000 penalty. On June 12, 2000, the AHC found that the Director of Revenue had correctly assessed the penalty. Wes-

dent, located or to be performed in this state, and who obtains the desired insurance from an insurer who is not licensed to do business in this state. Section 384.015.

trope then filed a petition for review with this court, claiming that the AHC misinterpreted the delinquency penalty statute as mandating the penalty.

### Standard of Review

Under § 621.193, "[t]he decision of the Administrative Hearing Commission is to be upheld when authorized by law and supported by competent and substantial evidence upon the whole record, unless the result is clearly contrary to the reasonable expectations of the General Assembly." *Van Cleave Printing Co. v. Dir. of Revenue*, 784 S.W.2d 794, 795 (Mo. banc 1990). When the review of the decision of the AHC involves an interpretation of the law, it is "a matter requiring the independent judgment of the reviewing Court." *Brambles Indus., Inc. v. Dir. of Revenue*, 981 S.W.2d 568, 570 (Mo. banc 1998). Because Westrope challenges the AHC's interpretation of statutory language, this court exercises its independent judgment. *Id.*

### Statute Mandates Assessment of Penalty

Westrope asserts in its sole point on appeal that the AHC misapplied the law when it approved the Director of Revenue's interpretation of the penalty provision in § 384.054 as mandatory. Westrope argues that the plain and clear language of § 384.054 requires the Director of Revenue to "exercise his discretion to either impose or not impose a 10% penalty," rather than to impose a penalty mandatorily. It argues that the inclusion of the phrase "shall be subject to" in § 384.054 evidences the legislature's intention that the penalty for late payment of surplus lines taxes be discretionary. Alternatively, Westrope argues that the language of the statute is ambiguous with regard to whether the penalty is discretionary or mandatory and

any ambiguity is to be resolved in the taxpayer's favor.

Section 384.059 is the statute requiring Westrope to pay a surplus lines tax before April 16th of each year in the amount of five percent of the net premiums it collects. Section 384.059.1 specifically provides:

> There is hereby imposed on surplus brokers for the privilege of doing the business of a surplus lines broker in this state a tax of five percent of the net premiums received with respect to surplus lines insurance on risks located in this state.... The tax shall be paid before April sixteenth of each year....

If the surplus lines tax is delinquent, § 384.054 provides for the imposition of a penalty of ten percent, plus interest. Section 384.054 reads:

> Any tax imposed by sections 384.011 to 384.071 which is delinquent in payment shall be subject to a penalty of ten percent of the tax. Any delinquent tax shall bear interest at the rate determined under section 32.065, R.S.Mo., from the time such tax is due.

In its argument that the penalty is discretionary, Westrope focuses on the phrase "subject to" in § 384.054. Westrope observes that the phrase "subject to" has not been defined by Missouri statute or courts. It suggests that because Missouri courts have used the phrase "subject to" in connection with other discretionary penalties, it is discretionary in the instant case. In particular, Westrope points to the use of "subject to" in opinions involving the death penalty, which is a discretionary and not mandatory penalty. *See State v. Barnett*, 980 S.W.2d 297, 309 (Mo. banc 1998); *State ex rel. Westfall v. Mason*, 594 S.W.2d 908, 910 (Mo. banc 1980); *State v. Allen*, 714 S.W.2d 195, 199 (Mo.App.1986).

Westrope's reliance on case references to individuals being " 'subject to' the death

penalty" is misleading because the definition of "subject to" was not at issue in those cases. While in some contexts "subject to" may convey a more general and non-mandatory meaning, the mere use of the phrase in opinions concerned with discretionary penalties such as the death penalty is irrelevant to interpretation of its meaning in other statutes.

 Westrope's reading of the statute ignores the plain and ordinary meaning of the statute's language. When considering the meaning of § 384.054, the primary rule is "to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Van Cleave Printing Co.*, 784 S.W.2d at 796. There is no need to construe legislative provisions when the language used is clear and unambiguous. *Id.* "In determining whether the language is clear and unambiguous, the standard is whether the statute's terms are plain and clear to one of ordinary intelligence." *Id.* The plain and ordinary meaning of statutory language not expressly defined by statute is typically found in the dictionary. *Am. Healthcare Mgmt., Inc. v. Dir. of Revenue*, 984 S.W.2d 496, 498 (Mo. banc 1999).

The dictionary definition of "subject to" is "[l]iable, subordinate, subservient, inferior, obedient to; governed or affected by; provided that; provided; answerable for." BLACK'S LAW DICTIONARY 1425 (6th ed.1990). The "liable" definition of "subject to" fits most easily into the context of § 384.054. The statute clearly states that a surplus lines tax which is delinquent shall be liable for a penalty of ten percent of the tax. This language does not indicate an intention by the legislature to permit the Director to exercise his discretion in imposing the tax. This reading of the statute is further supported by the fact that there is no language in the statute that would indicate the legislature's intention that the agency exercise discretion in imposing the penalty. The statute does not include any standards or criteria to guide the agency's exercise of its discretion. Nor does it allow the imposition of any graduated penalty. *Cf.* § 143.751 (statute providing lesser penalty for failure to pay tax without intent to evade or defeat tax than penalty for failure to pay tax due to fraud).

The language in the statute that any surplus line tax that is delinquent "shall be subject to a penalty of ten percent of the tax" is plain and free of ambiguity. Our holding that § 384.054 is unambiguous renders moot Westrope's alternative argument that the statute is ambiguous and those ambiguities should be ruled in its favor. Therefore, that argument will not be discussed.

The decision of the AHC is affirmed.

All concur.