

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| **CITY OF KANSAS CITY, MISSOURI,** | **WD78667** |
| **Appellant,** | **OPINION FILED:** |
| **v.** | **March 8, 2016** |
| **KEVIN GARNETT,** | |
| **Respondent.** | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Mary Frances Weir, Judge**

**Before Division Three:**
**James Edward Welsh, P.J., Joseph M. Ellis, and Thomas H. Newton, JJ.**

The City of Kansas City, Missouri, appeals the circuit court's judgment in its lawsuit against Kevin Garnett for collection of delinquent city earnings taxes, penalties, and interest. We affirm in part and reverse and remand in part for the imposition of interest only.

## Background

In January 2015, the City of Kansas City, Missouri, filed a petition against Kevin Garnett seeking to recover delinquent city earnings taxes for the 2010 tax year and for penalties and interest, pursuant to certain of its ordinances.[1] The petition alleged that Garnett was a resident of

---

[1]The City also sought reimbursement in its petition for attorney's fees and for process server fees, pursuant to its ordinances, but the City does not raise those matters on appeal.

the City in 2010 and that he owed $392.60 in delinquent 2010 earnings taxes, $176.75 in prejudgment interest, and $98.15 in penalties, for a total of $667.50, plus continuing interest.

At a bench trial on April 24, 2015, the City sought a judgment against Garnett for $392.60 in delinquent earnings taxes, $192.23 in prejudgment interest, and $98.15 in penalties, for a total of $692.98. The City introduced six exhibits into evidence, one of which was Chapter 68 of the City's Code of Ordinances, the section of ordinances pertaining to the City's earnings tax. Section 68-382 of the Code mandates a tax of 1% per year to be imposed on the earnings of all individual City residents. Section 68-394 provides for penalties and interest on any unpaid earnings taxes.

The City presented the testimony of a tax supervisor from the City's Finance Department. He testified that, pursuant to the City's Code of Ordinances, Garnett owed city earnings tax for 2010 because he was a City resident and earned wages or other compensation during that period, as evidenced by his federal income tax return. The witness detailed the amount of principal, interest, and penalties due at the time of trial. He further stated that the City sent Garnett a notice of assessment for his 2010 taxes and a bill for the delinquent taxes, interest, and penalties to Garnett's address on Drury Avenue in Kansas City, where he also was served with process.

Garnett represented himself and testified that, as an over-the-road truck driver, he does not have a physical residence apart from his truck. He claimed that he is not a Kansas City resident but is instead a resident of "Truck 1524," which he parks at his employer's business in Excelsior Springs when he is not on the road. Garnett stated that he uses his brother's Kansas City address on Drury Avenue because, as an over-the-road truck driver, he is required by the Department of Homeland Security to maintain a physical address. He acknowledged that he uses that address for mailing purposes, for filing income taxes, and for his personal property taxes.

2

The circuit court found that Garnett was a resident of Kansas City and was therefore subject to the City's earnings tax. The court entered judgment in favor of the City for $392.60 (the principal amount of tax due), but declined to impose a penalty or interest.

**Discussion**

The City argues on appeal that the circuit court erred in not imposing penalties and prejudgment interest, as required by the plain language of Section 68-394 of the Code of Ordinances for Kansas City, Missouri. As in any court-tried case, the judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Here, the City contends that the circuit court misapplied the law.

As noted, the City alleged at trial that Garnett was a resident of the City in 2010, and it sought a judgment against him for $392.60 in delinquent taxes, $192.23 in prejudgment interest, and $98.15 in penalties, pursuant to Sections 68-382 and 68-394 of the Kansas City Code.

Despite Garnett's claim that his *truck* is his residence, the circuit court concluded that he is a resident of Kansas City, noting that he uses his brother's Kansas City address to file his federal tax return, for personal property tax purposes, and as his official address with the Department of Homeland Security. The court thus held that Garnett is liable for the delinquent 2010 earnings taxes and entered judgment in favor of the City for $392.60 (the principal amount of tax due). The court declined to award penalties or prejudgment interest, however, on the basis that "[Garnett's] failure to pay his city earnings tax . . . was not wanton or unreasonable."

The City contends that the circuit court erred in not awarding prejudgment interest and penalties, in that the court did not properly apply Section 68-394 as written but, instead, imposed its own standard. Section 68-394(a) of the City's Code of Ordinances states:

3

> All taxes imposed by this article and remaining unpaid after they have become due shall be subject to a penalty of five percent per month from the date payment was due up to a maximum of 25 percent, plus interest at the rate of 12 percent per annum . . . from the due date to date of payment.

"In interpreting a city ordinance, we apply the same rules that are used in interpreting a state statute." *Chad v. City of Lake Ozark*, 223 S.W.3d 208, 211 (Mo. App. 2007). In interpreting a statute, we are instructed to ascertain and, if possible, give effect to the legislature's intent, based on the "plain and ordinary meaning" of the language used. *Id.* (citing *In re Boland*, 155 S.W.3d 65, 67 (Mo. banc 2005)). "Where the language of a statute is clear, courts must give effect to the language as written." *Kearney Special Road Dist. v. County of Clay,* 863 S.W.2d 841, 842 (Mo. banc 1993).

In *Westrope & Associates v. Director of Revenue*, this Court reviewed a similar tax statute which also used the phrase "shall be subject to a penalty." 57 S.W.3d 880, 881-83 (Mo. App. 2001) (examining § 384.054, RSMo 2000 ("[a]ny tax imposed by [certain statutes] which is delinquent in payment shall be subject to a penalty of ten percent of the tax"). Westrope had argued that the phrase "subject to" made imposition of the penalty discretionary, citing its use in various opinions involving the death penalty. *Id.* at 882. This Court concluded, however, that Westrope's reading "ignore[d] the plain and ordinary meaning of the statute's language." *Id.* at 883. Quoting BLACK'S LAW DICTIONARY, 1425 (6th ed. 1990), we noted that the dictionary definition of "subject to" that "fits most easily into the context of § 384.054" is the term "liable." Exchanging the phrase "liable for" for "subject to" in that statute, we concluded that the specified penalty in that case was mandatory. *Id.*

In support of that determination, the *Westrope* Court relied on the fact that "there is no language in the statute that would indicate the legislature's intention that the agency exercise discretion in imposing the penalty." *Id.* In this case, however, one of the City ordinances

4

introduced at trial,[2] Section 68-395(8), explicitly permits the City's director of finance to "waive all or any portion of penalties imposed under this article as a result of nonpayment of [city earnings] tax where the taxpayer shows the nonpayment was due to reasonable cause." Thus, unlike the statute at issue in *Westrope*, these ordinances include language that expresses the City Council's intent that imposition of this penalty be discretionary. In light of these ordinances, the circuit court did not err in concluding that the City's earnings tax ordinances gave it the discretion to waive the penalty based on its finding that Garnett's failure to pay was not unreasonable. Consequently, the City fails to establish that the circuit court misapplied the law in declining to impose a penalty pursuant to Section 68-394(a). *See Murphy*, 536 S.W.2d at 32.

Section 68-395(8) also states that "[t]his authority [to waive penalties] shall in no way be construed so as to authorize the waiver of interest[.]" Thus, as in *Westrope*, where there was no evidence of a legislative intent for *that* penalty to be discretionary, here, there is no evidence of a legislative intent that the imposition of *interest* be discretionary. 57 S.W.3d at 883. The plain language of Section 68-394(a) regarding interest on unpaid city earnings taxes is clear: if taxes remain unpaid, the taxpayer "is liable for" statutory interest. *See id*. Because the imposition of interest was *not* discretionary, that portion of the judgment must be reversed.

In sum, the circuit court's decision not to impose a penalty because Garnett's failure to pay his taxes "was not wanton or unreasonable" *did not* erroneously interpret or misapply the law. The circuit court's decision not to impose interest on Garnett's unpaid taxes *was* a misapplication of the law. Consequently, we affirm the circuit court's decision to waive the penalty on Garnett's unpaid taxes, but we are constrained to reverse the circuit court's decision not to impose interest. We remand with instructions for the circuit court to enter judgment in

---

[2]Although the contents of municipal ordinances may not be judicially noticed, here, the City submitted this ordinance to the circuit court as part of an exhibit at trial, and it has included that exhibit in the record filed with this court. *See City of Kansas City v. Powell*, 451 S.W.3d 724, 740, n. 15 (Mo. App. 2014).

favor of the City for the total amount of taxes due together with interest, pursuant to the applicable City ordinances.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Presiding Judge

All concur.