Cynthia L. Martin, Judge
The City of Kansas City, Missouri ("City") appeals from the trial court's judgment against Bego Cosic ("Cosic") awarding the City unpaid earnings taxes and other costs, but failing to award prejudgment interest. The City argues that the trial court erred in not awarding prejudgment interest because a city ordinance mandates the imposition of interest. We dismiss the City's appeal.
Factual and Procedural Background
In October 2016, the City filed a petition against Cosic seeking to recover delinquent earnings taxes for the 2011, 2012, 2013, and 2014 tax years. The City requested penalties, attorneys' fees, and other costs. Relevant to this appeal, the City also sought $480.98 in prejudgment interest pursuant to a municipal ordinance: section 68-394(a) of the Kansas City Code of Ordinances.
The trial court held a bench trial on the City's petition on May 5, 2017. The City introduced twelve exhibits at trial, three of which were purported to be controlling ordinances applicable to the monies sought. Exhibit 3 was described in the trial transcript as "Kansas City Ordinance Article 4 regarding Earnings and Profits Tax."
At trial, the City presented testimony from Aaron Dispenza ("Dispenza"), a senior analyst with the City's Revenue Division. Dispenza testified that Cosic's federal tax returns for years 2011, 2012, 2013, and 2014 demonstrated Cosic earned wages subject to the City's earnings tax. Dispenza stated that Cosic had not paid earnings taxes on these wages. The amount owed at the time of trial was reportedly $2,823.76, which included interest. Dispenza did not specify the amount of interest owed, but explained that interest is assessed at a rate of one percent per month (i.e. , twelve percent per annum), beginning from the *463 unpaid tax's due date. Dispenza did not refer to section 68-394(a) or to Exhibit 3 when discussing the interest assessment.
The trial court entered judgment on May 5, 2017. The trial court found in favor of the City, awarding $1,785.46 for the principal amount of taxes owed, attorneys' fees, and process server fees. The trial court did not award the City any penalties or prejudgment interest.
The City filed a motion to reconsider the judgment, requesting that the trial court award penalties and prejudgment interest pursuant to section 68-394(a) of the City's ordinances. The trial court denied the City's motion to reconsider.
This timely appeal follows.
Standard of Review
"As in any court-tried case, the judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." City of Kansas City v. Garnett , 482 S.W.3d 829, 831 (Mo. App. W.D. 2016). "It is the appellant's burden on appeal to demonstrate that the trial court's judgment was incorrect on any basis supported by the record and the applicable law." State ex rel. Nixon v. Koonce , 173 S.W.3d 277, 286 (Mo. App. W.D. 2005) ; accord STRCUE, Inc. v. Potts , 386 S.W.3d 214, 219 (Mo. App. W.D. 2012).
Analysis
The City raises a single point on appeal, arguing that the trial court erroneously failed to award the City prejudgment interest because section 68-394(a), a municipal ordinance, mandates the imposition of prejudgment interest on Cosic's unpaid earnings taxes. According to the City, section 68-394(a) imposes an interest rate of twelve percent per annum on all unpaid earnings taxes.
Courts "may not take judicial notice of the existence or content[s] of city ordinances." BT Residential, LLC, v. Bd. of Zoning Adjustment , 392 S.W.3d 18, 23 (Mo. App. W.D. 2012). Instead, the contents of a municipal ordinance "must be proven like every other fact." City of Kansas City v. Powell , 451 S.W.3d 724, 740 n.15 (Mo. App. W.D. 2014).
The City cannot establish that section 68-394(a) was admitted into evidence at trial. The trial transcript does not include any specific reference to section 68-394(a). Though Dispenza testified that interest was assessed against Cosic at a rate that is consistent with what the City now claims section 68-394(a) required, Dispenza did not testify that interest was imposed pursuant to section 68-394(a). Dispenza's testimony does not constitute proof of the contents of the ordinance.
The City did admit Exhibit 3 at trial, which it described at the time as "Kansas City Ordinance Article 4 regrading Earnings and Profits Tax." According to the City's Brief, Exhibit 3 included section 68-394(a). However, the transcript reflects no discussion about the specific contents of Exhibit 3, and no suggestion that section 68-394(a) was included in Exhibit 3.[1] We cannot conclude that the trial court erroneously failed to award prejudgment *464 interest when the record on appeal does not establish that section 68-394(a) was admitted into evidence. "If not introduced into evidence, an exhibit is not part of the record and normally cannot be considered on review." McCormick v. Cupp , 106 S.W.3d 563, 569 (Mo. App. W.D. 2003) ; see Elias v. Davis , 535 S.W.3d 737, 742-44 (Mo. App. W.D. 2017).
Even were we to assume (which we do not) that section 68-394(a) was introduced into evidence at trial as a part of Exhibit 3, the trial exhibits have not been deposited with this court. As a result, the contents of section 68-394(a) are not a part of the record on appeal. "If original exhibits are necessary to the determination of any point relied on, they shall be deposited in the appellate court by the appellant." Rule 81.16(a). "Where ... exhibits are not made a part of the record on appeal, such evidentiary omissions will be taken as favorable to the trial court's ruling and unfavorable to the appeal." Navarro v. Navarro , 504 S.W.3d 167, 176 (Mo. App. W.D. 2016) (quoting R.K. Matthews Inv., Inc. v. Beulah Mae Hous., LLC , 379 S.W.3d 890, 893 n.2 (Mo. App. W.D. 2012) ).
The City has included in the appendix to its Brief a copy of what it claims is section 68-394(a). The ordinance included in the appendix bears no trial exhibit sticker. Even if it did, "[t]he mere inclusion of documents in an appendix to a brief does not make them part of the record on appeal." BMO Harris Bank v. Hawes Tr. Invs., LLC , 492 S.W.3d 607, 614 n.5 (Mo. App. W.D. 2016) (quoting In re Adoption of C.M.B.R. , 332 S.W.3d 793, 823 (Mo. banc 2011) ). "Items contained in an appendix, but which are not in the legal file or deposited with the appellate court, are not considered on appeal." WCT & D, LLC v. City of Kansas City , 476 S.W.3d 336, 345 (Mo. App. W.D. 2015) (quoting Stroh v. Stroh , 454 S.W.3d 351, 355 n.1 (Mo. App. S.D. 2014) ). "Although we would prefer to resolve the case on the merits, documents in the briefs' appendices are not part of the record on appeal and, therefore, cannot be considered by this court." DeGennaro v. Alosi , 389 S.W.3d 269, 275 (Mo. App. W.D. 2013).
The City's point on appeal depends for its success on section 68-394(a) of the City's ordinances. However, the record does not establish that section 68-394(a) was introduced into evidence at trial. And section 68-394(a) is not a part of the record on appeal. The record does not contain the evidence necessary to determine the City's point on appeal. "Where, as here, the record does not contain all documents necessary for this court to determine the issue presented, our review is impossible and the claim of error must be dismissed." Oldham v. Oldham , 223 S.W.3d 886, 887 (Mo. App. W.D. 2007) ; see Marmaduke v. CBL & Assocs. Mgmt., Inc. , 521 S.W.3d 257, 277 (Mo. App. E.D. 2017).
Conclusion
The City's appeal is dismissed.
All concur

At one other instance in its Brief, the City asserts that section 68-394(a) was admitted into evidence as Exhibit 2, which the City described at trial as "Kansas City Ordinance 817 regarding Fees Taxed as Costs in Suits." Based on this description, we assume the single assertion that section 68-394(a) was admitted into evidence as Exhibit 2 was a typographical error. In any event, as with Exhibit 3, the transcript reflects no discussion of the contents of Exhibit 2, and no suggestion that section 68-394(a) was included in Exhibit 2.