

# In the
# Missouri Court of Appeals
## Western District

**CITY OF KANSAS CITY,**
**MISSOURI, A MUNICIPAL**
**CORPORATION,**

           **Respondent,**

**v.**

**PHILLIP J. TROYER,**

           **Appellant.**

**WD85432**

**OPINION FILED:**
**March 28, 2023**

### Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Mary Frances Weir, Judge

Before Division Three: Thomas N. Chapman, Presiding Judge, Mark D. Pfeiffer, Judge,
Cynthia L. Martin, Judge

Phillip J. Troyer ("Troyer") appeals from the trial court's judgment ordering Troyer

to pay delinquent earnings tax, interest, penalties, fees, and court costs. Troyer asserts that

the trial court committed error in denying his motion to dismiss the City of Kansas City's

("City") petition for delinquent earnings tax because the Missouri statutes authorizing the

earnings tax and the resulting city ordinance violate the Commerce Clause of the United

States Constitution. Troyer further argues that the judgment's award of interest and

penalties was error in that the City's actions directly contributed to the accrual of the interest and penalties.  Finding no error, we affirm.

## Factual and Procedural Background[1]

The City filed a petition for delinquent earnings tax ("Petition") against Troyer on July 1, 2021.  The Petition alleged that Troyer, despite living or working in Kansas City, did not pay the City's earnings tax in 2016, 2017, and 2018.  The Petition alleged that Troyer owed the City $4,437.30 in delinquent earnings tax, $1,571.74 in interest, and $1,109.33 in penalties. The Petition also sought attorney's fees, process server fees, court costs, and post-judgment interest from Troyer.

Pursuant to Rule 55.27(a)(6),[2] Troyer filed a motion to dismiss ("Motion to Dismiss") on August 16, 2021, asserting that the Petition failed to state a claim upon which relief could be granted.  In particular, Troyer asserted that the City's earnings tax, particularly section 68-392 of the City's Code of Ordinances, violates the dormant Commerce Clause of the United States Constitution because section 68-392 allows for a credit for an earnings tax paid in another city but does not allow for a credit for income tax paid in another state.  The Motion to Dismiss argued that the effect of such an earnings tax scheme is to subject the wages of Kansas City residents who work in another state to double

---

[1]We view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the trial court's judgment, disregarding all contrary evidence and inferences. *Sarcoxie Nursery Cultivation Ctr., LLC v. Williams*, 649 S.W.3d 127, 134 (Mo. App. W.D. 2022).

[2]All Rule references are to Missouri Supreme Court Rules (2021), unless otherwise indicated.

taxation. As such, Troyer claimed that the City had "no legal right to enforce this unconstitutional [earnings] tax against [him]."

The City filed suggestions in opposition ("Suggestions in Opposition") to the Motion to Dismiss. The Suggestions in Opposition clarified the difference between "double taxation" and "multiple taxation," asserting the City's earnings tax constituted permissible "multiple taxation" on income and not impermissible "double taxation." The Suggestions in Opposition further agued that the City's earnings tax did not violate the dormant Commerce Clause in that the earnings tax is not facially discriminatory against interstate commerce; is internally consistent in that, if the earnings tax were applied identically by every state, interstate commerce would not be placed at a disadvantage in comparison to intrastate commerce; and is externally consistent in that there are economic justifications for the earnings tax on Kansas City residents.

The trial court denied Troyer's Motion to Dismiss on September 15, 2021. Troyer then filed an answer ("Answer") on October 4, 2021. Troyer's Answer reasserted that the City's earnings tax violates the dormant Commerce Clause of the United States Constitution so that Petition's claim for delinquent taxes is barred. The Answer further alleged the Petition's claim for delinquent taxes is "barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands."

The trial court held a bench trial on April 19, 2022, and entered its judgment ("Judgment") the same day. The Judgment concluded that Troyer was a resident of Kansas City in the tax years 2016, 2017, and 2018 for the purpose of the imposition of the earnings tax. As such, the Judgment awarded the City $4,437.30 in delinquent taxes; $2,015.25 in

3

interest; $1,109.33 in penalties; $554.66 in attorney's fees; and $43.00 in process server fees, totaling $8,159.54, plus court costs.

Troyer filed a timely notice of appeal to the Supreme Court of Missouri on May 25, 2022, asserting that the appeal involved "construction of the revenue laws of Missouri." Troyer's accompanying jurisdictional statement, filed with the Court pursuant to Rule 81.08(a), asserted that his Motion to Dismiss claimed section 68-392 of the City's Code of Ordinances violated the dormant Commerce Clause. The City filed suggestions in opposition to Troyer's jurisdictional statement, asserting that the Supreme Court does not have exclusive jurisdiction over Troyer's appeal because the earnings tax ordinance in question is not a revenue law of the state and because the validity of a Missouri statute or constitutional provision is not at issue in Troyer's appeal. The Supreme Court of Missouri transferred Troyer's appeal to this court.[3]

## Analysis

Troyer presents two points on appeal. We discuss Troyer's points separately.

### Point One: Commerce Clause

Troyer's first point on appeal challenges the trial court's denial of his Motion to Dismiss, which asserted that section 68-392 of the City's Code of Ordinances violated the dormant Commerce Clause. The denial of a motion to dismiss is not a final judgment and

---

[3]Because Troyer's appeal solely concerns section 68-392 of the City's Code of Ordinances, his appeal neither concerns a revenue law of the State of Missouri nor the validity of a Missouri statute or constitutional provision. Accordingly, this appeal falls within the general appellate jurisdiction granted to the Court of Appeals in article V, section 3 of the Missouri Constitution.

is thus not appealable. *Williams v. City of Kinloch*, 657 S.W.3d 236, 241 (Mo. App. E.D. 2022). However, a party may challenge the denial of a motion to dismiss on an appeal from a final judgment. *Id.* Our review of the denial of a motion to dismiss depends on the basis for dismissal alleged in the motion. *Id.* The constitutional validity of a municipal ordinance is a question of law that we review *de novo. St. Louis Ass'n of Relators v. City of Florissant*, 632 S.W.3d 414, 419 (Mo. App. E.D. 2021).

Troyer's first point on appeal asserts that the trial court erred in denying his Motion to Dismiss "because the Missouri statutes authorizing [the City's earnings tax], as well as the resulting . . . municipal ordinance that denies a credit for taxes paid on wages its residents earn in another state" violate the dormant Commerce Clause by favoring intrastate commerce. [Appellant's Brief, p. 9] While his Motion to Dismiss challenged section 68-392 of the City's Code of Ordinances as violative of the dormant Commerce Clause, it did not challenge the constitutionality of sections 92.105 to 92.200,[4] the statutory provisions authorizing constitutional charter cities, including Kansas City, to impose an earnings tax. *See City of Kansas City v. Chastain*, 420 S.W.3d 550, 552 (Mo. banc 2014) (recognizing that Kansas City is a constitutional charter city). To challenge the constitutionality of a state statute, a party must:

> (1) raise the constitutional question at the first opportunity; (2) state with specificity the constitutional provision on which the challenge rests, either by explicit reference to the article and section or by quoting the provision

[4]All statutory references are to RSMo 2016, as supplemented through December 31, 2018, the final day of the 2018 tax year. The statutory provisions authorizing the imposition of an earnings tax in constitutional charter cities were not amended during the 2016, 2017, and 2018 tax years.

itself; (3) set forth facts showing the violation; and (4) preserve the constitutional question throughout the proceedings for appellate review.

*Dodson v. Ferrara*, 491 S.W.3d 542, 552 (Mo. banc 2016). Because Troyer failed to challenge the constitutionality of sections 92.105 to 92.200 while the case was pending in the trial court, his challenge to those statutes on appeal is unpreserved for our review. Accordingly, we limit our review to the trial court's denial of Troyer's challenge to section 68-392 of the City's Code of Ordinances as violative of the dormant Commerce Clause of the United States Constitution.

The Commerce Clause grants Congress the power to "regulate Commerce . . . among the several States." U.S. CONST. art. I, sec. 8, cl. 3.

> Although the Clause is framed as a positive grant of power to Congress, "[the Supreme Court of the United States has] consistently held this language to contain a further, negative command, known as the dormant Commerce Clause, prohibiting certain state taxation even when Congress has failed to legislate on the subject."

*Comptroller of the Treasury of Maryland v. Wynne*, 575 U.S. 542, 548-49 (2015) (quoting *Oklahoma Tax Comm'n v. Jefferson Lines, Inc.*, 514 U.S. 175, 179 (1995)). Case law concerning the dormant Commerce Clause relies on two principles to limit the states' authority to regulate interstate commerce: (1) "state regulations may not discriminate against interstate commerce"; and (2) "[s]tates may not impose undue burdens on interstate commerce." *South Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080, 2090-91 (2018). The Supreme Court will uphold a tax on interstate commerce so long as it "(1) applies to an activity with a substantial nexus with the taxing State, (2) is fairly apportioned, (3) does not discriminate

6

against interstate commerce, and (4) is fairly related to the services the State provides." *Id.* at 2091.

Troyer's point on appeal, insofar as it relates to section 68-392 of the City's Code of Ordinances, argues that the trial court erred in denying the Motion to Dismiss because the ordinance violates the dormant Commerce Clause in that it "denies a credit for taxes paid on wages its residents earn in another state, [thereby] establish[ing] a tax system that *could* improperly favor intrastate commerce." [Appellant's Brief, p. 9] (Emphasis added.) While Troyer's point on appeal identifies the denial of his Motion to Dismiss as the trial court ruling he is challenging on appeal, the point does not otherwise comply with Rule 84.04(d)(1) in that it fails to "[s]tate concisely the legal reasons for [his] claim of reversible error" and fails to "[e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." The "most important objective" of the point relied on "is the threshold function of giving notice to the party opponent of the precise matters which must be contended with and answered" and "to inform the court of the issues presented for resolution." *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978). By asserting in his point on appeal that the earnings tax ordinance "*could* improperly favor intrastate commerce," Troyer sets forth a claim of error that is speculative at best and fails to include the legal reasons underlying his speculative claim of error. [Appellant's Brief, p. 9] As such, Troyer's point relied on fails to give notice of the *precise* matter before us. A point relied on that forces us "to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances" is non-compliant with Rule 84.04(d). *Aydin v. Boles*, 658 S.W.3d 223, 227 (Mo. App. W.D. 2022) (quoting *Nichols v.*

7

*Div. of Emp't Sec.*, 399 S.W.3d 901, 903 (Mo. App. W.D. 2013)). A point relied on that fails to comply substantially with Rule 84.04(d) is grounds for dismissal of the appeal. *Hutcheson v. Dep't of Soc. Servs.*, 656 S.W.3d 37, 43 (Mo. App. E.D. 2022). We will, however, excuse non-compliance with Rule 84.04(d) and reach the merits if the brief otherwise gives notice of the issue presented on appeal. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022).

Elsewhere in his brief, Troyer clarifies that his argument on appeal is that "the [income] taxes he paid to Kansas should be credited to the combined amount he owed to Missouri and [the City]" in order for section 68-392 of the City's Code of Ordinances not to conflict with the dormant Commerce Clause. [Appellant's Brief, p. 5] While Troyer's clarification of his argument on appeal allows us to excuse his non-compliance with Rule 84.04(d), this explanation of his argument poses a different problem: his argument on appeal does not mimic his argument before the trial court. Troyer's Motion to Dismiss asserted that, because section 68-392 of the City's Code of Ordinances does not provide an earnings tax credit for income taxes paid by Kansas City residents to another state, the ordinance violates the dormant Commerce Clause so that the Petition did not state a claim upon which relief could be granted. Troyer now concedes on appeal that he did receive a credit against his Missouri state income taxes for taxes he paid to the state of Kansas, and that by claiming in his Motion to Dismiss that he also should have received the same credit against his Kansas City earnings taxes, he had been arguing for ***double credit*** for the income taxes he paid to Kansas--one full credit against the Missouri income tax and one full credit against the Kansas City earnings tax. On appeal, Troyer has changed his

8

argument completely, and now seeks a ***combined credit*** against his Missouri income tax and Kansas City earnings tax that equals, but does not exceed, what he paid in Kansas income tax. This new argument was never presented to the trial court. We will not convict the trial court of error with respect to an issue it was never given the opportunity to consider. *Harris v. Harris*, 655 S.W.3d 33, 42 (Mo. App. W.D. 2022).

Even if we were to review Troyer's newly asserted claim on appeal that in the absence of a combined credit, section 68-392 of the City's Code of Ordinances violates the dormant Commerce Clause, his claim would fail. Troyer, as the defendant and movant, "[bore] the burden of establishing that the elements pled by the plaintiff fail to state a cause of action." *Weicht v. Suburban Newspapers of Greater St. Louis, Inc.*, 32 S.W.3d 592, 598 (Mo. App. W.D. 2000). Troyer's Motion to Dismiss questioned the constitutionality of section 68-392 on the basis of the dormant Commerce Clause, and in doing so, he challenged the underlying validity of the City's claim for relief in its Petition. But, Troyer limited his argument in the Motion to Dismiss to a claim that the "taxing scheme" in Missouri is identical to the taxing scheme at issue in *Comptroller of Maryland v. Wynne* without acknowledging or addressing the four-part test identified in that case as the essential framework for analyzing claimed dormant Commerce Clause violations. By failing to cite the four-part test in his Motion to Dismiss, or to apply the test to section 68-392 of the City's Code of Ordinances, Troyer failed to meet his burden to establish that the Petition failed to state a claim upon which relief could be granted. Accordingly, the trial court did not err in denying the Motion to Dismiss.

9

Troyer makes the same mistake on appeal. Instead of acknowledging the four-part test applicable to claims of dormant Commerce Clause violations and then applying that test to section 68-392 of the City's Code of Ordinances, Troyer uses the argument section of his brief to assert that the City's earnings tax is indistinguishable from the tax at issue in *Comptroller of the Treasury of Maryland v. Wynne*, 575 U.S. 542 (2015). "To develop a point relied on, the argument should show how the principles of law and the facts of this case interact." *Aydin*, 658 S.W.3d at 227 (quoting *Wallace v. Frazier*, 546 S.W.3d 624, 628 (Mo. App. W.D. 2018)). Troyer's brief fails to do so.

To the extent that Troyer's brief makes any reference to the four-part test used to evaluate claims of dormant Commerce Clause violations, it does so only indirectly by mentioning the internal consistency test (one prong of the four-part test), and asserting that because the City has the authority under state statute to offer or deny a credit for income taxes paid, the City "***could*** still use its authority under state law to impose an additional burden on residents who work outside the state." [Appellant's Brief, p. 15] In effect, Troyer argues that even though the City's ordinance currently permits a credit for earnings taxes paid in another municipality, the ordinance could be amended to remove that credit. "[A] hypothetical possibility of favoritism" to intrastate commerce in a taxing scheme has never been deemed "to constitute discrimination [against interstate commerce] that transgresses constitutional commands." *Associated Indus. of Mo. v. Lohman*, 511 U.S. 641, 654 (1994). The dormant Commerce Clause does not require analysis of "hypothetical possibilit[ies] of favoritism" because, much like a taxing scheme may be amended to ***cure*** discrimination against interstate commerce, a taxing scheme may also be amended to

10

*create* discrimination against interstate commerce. *See Wynne*, 575 U.S. at 596. If analysis of an alleged dormant Commerce Clause violation were based on such hypothetical amendments to a taxing scheme, every claim of a dormant Commerce Clause violation would be successful. *See id.* (observing that, if a claim of a dormant Commerce Clause violation were rejected on the basis that the discrimination could be cured by amendment to the taxing scheme, no dormant Commerce Clause claim could ever succeed). As such, the question when evaluating a dormant Commerce Clause claim is whether the taxing scheme then in effect is discriminatory when applied. *Lohman*, 511 U.S. at 654. Troyer's argument that section 68-392 of the City's Code of Ordinances violates the dormant Commerce Clause inherently concedes that the current version of the ordinance does not violate the dormant Commerce Clause. Accordingly, his assertion that the ordinance does not pass the internal consistency prong of the four-part test is without merit.

Point One is denied.

### Point Two: Award of Interest and Penalties

In his second point on appeal Troyer claims that the trial court erred in awarding the City interest and penalties because the City's inaction directly resulted in the accumulation of both. In particular, Troyer asserts that the City "[waited], without justification, to provide a single notice to Troyer covering three (3) years of tax deficiencies rather than providing a timely notice for each year." [Appellant's Brief, p. 16] Troyer uses the argument following his second point on appeal to "stress" that his argument is not that the City's inaction obviates his duty to pay the City's earnings tax for the tax years 2016, 2017,

and 2018. [Appellant's Brief, p. 19] Troyer instead asserts that the City's inaction triggers the equitable doctrine of laches to limit the City's recovery of penalties and interest on his delinquent earnings tax for tax years 2016, 2017, and 2018. Troyer claims that "had the City . . . timely provided a delinquency notice to Troyer for 2016, there is no reason to doubt he would have made arrangements to ensure he was in compliance with his tax obligations for the following years." [Appellant's Brief, p. 20]

As with every appeal from a court-tried case, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *City of Kansas City v. Garnett*, 482 S.W.3d 829, 831 (Mo. App. W.D. 2016) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). Each of these three bases of trial court error--no substantial evidence, against the weight of the evidence, or an erroneous declaration or application of the law-- "is proved differently from the others and is subject to different principles and procedures of appellate review." *T.G. v. D.W.H.*, 648 S.W.3d 42, 48 (Mo. App. E.D. 2022). As such, they are distinct claims of error that must be set forth in separate points relied on. *J.A.R. v. D.G.R.*, 426 S.W.3d 624, 630 n.10 (Mo. banc 2014).

Troyer's point relied on and argument reference evidence presented at trial but do not identify on which of the three bases he claims trial court error. By referencing the testimony given by a senior tax auditor employed by the City, particularly the testimony that the City relies on data supplied to it annually by the Internal Revenue Service to determine whether taxpayers are delinquent in paying the City's earnings tax, Troyer's argument suggests that he is making either a no-substantial-evidence claim or an abuse-of-

12

discretion claim. To speculate as to which of those grounds Troyer's second point on appeal relies would place us in the role of advocate, thereby abandoning our role as a neutral arbiter and risking that we interpret Troyer's argument on appeal differently than he intended. *T.G.*, 648 S.W.3d at 48-49. We refuse to do so.

Moreover, given Troyer's claim that the City's earnings tax ordinance is unconstitutional, we are unpersuaded by Troyer's self-serving (but not self-proving) claim that had he been contemporaneously told that he owed City earnings taxes for 2016, he would have timely paid the taxes in 2017 and 2018, avoiding penalties and interest for those years.

Point Two is denied.

### Conclusion

The Judgment is affirmed.[5]

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur

---

[5]While this appeal was pending, the City filed a motion to strike Troyer's brief for non-compliance with Rule 84.04, and we took the motion with the case. Despite the deficiencies in Troyer's brief, outlined *supra*, the Rule 84.04 briefing errors are not so substantial as to require striking Troyer's entire brief. The City's motion to strike Troyer's brief is denied.