

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

IN THE MATTER OF THE FORECLOSURE ) No. ED111094
OF LIENS FOR DELINQUENT LAND )
TAXES BY ACTION IN REM, CITY OF )
ST. LOUIS, MO, )
 )
    Respondents, ) Appeal from the Circuit Court of
 ) the City of St. Louis
vs. )
 ) Honorable Michael J. Colona
PARCELS OF LAND ENCUMBERED )
WITH DELINQUENT TAX LIENS, )
 )
    Appellants. ) Filed: June 27, 2023

### I.    Introduction

Jadran Alibasic ("Purchaser") appeals the judgment of the Circuit Court of St. Louis County setting aside a sale of property and the order confirming the sale, which the trial court set aside because the sale occurred due to "an error or mistake." The trial court found that the redemption contract was void because it did not contain a valid signature from the land's owner and the appraisal did not adequately measure the property's value. Purchaser brings two points on appeal: (1) the trial court erred in setting aside the sale because the Collector of Revenue's reliance on the defaulted redemption contract was not a mistake; and (2) the trial court misapplied the law in determining the appraisal did not adequately measure the property's value.

Finding Purchaser's brief violates Rule 84.04 and preserves nothing for appeal, we dismiss both points.

## II.    Procedural and Factual Background

Maggie Culmore ("Maggie" or "Respondent")[1] owned a parcel of land where she resided until August of 2022.[2]  Maggie failed to pay her real estate taxes for the parcel for tax years 2017, 2018, and 2019.  On August 4, 2020, the Collector of Revenue for the City of St. Louis filed a petition to foreclose all tax liens on the property and order a sheriff's sale of the property, pursuant to The Municipal Land Reutilization Law, §§ 92.700-92.920.[3]  On October 28, 2020, the trial court entered a default judgment against the parcel and ordered a sheriff's sale after a waiting period of at least six months post-order.  On July 12, 2021, one of Maggie's grandsons, Maxwell Culmore, Jr. ("Maxwell, Jr.") and at least one other unidentified individual entered into a redemption contract with the Collector of Revenue to stop the Sheriff's sale and set up a payment schedule to bring the property current on its taxes.  The Collector of Revenue requires parties wishing to enter into redemption contracts to appear in person and provide their driver's licenses.  This redemption contract bears Maggie's alleged signature and contains a scan of her driver's license as well as Maxwell, Jr.'s driver's license.  Upon entering into this redemption contract, Maxwell, Jr. paid two-hundred dollars.[4]  Maxwell, Jr. thereafter defaulted on this contract and the Collector of Revenue resumed foreclosure proceedings.  The Sheriff scheduled the sale for June 28, 2022.

---

[1] Because multiple individuals with Respondent's surname are referenced in this opinion, we refer to them by their first names for clarity.  No familiarity or disrespect is intended.
[2] Maggie's son, Maxwell Culmore, Sr.  ("Maxwell, Sr."), now deceased, is also listed as an owner of this property. For clarity's sake, we only refer to Maggie as the owner.
[3] All statutory references are to RSMo (2016), unless otherwise stated.
[4] The following eleven payments were to be approximately $161.00 each in order for the parcel to be fully redeemed for the three years of back-taxes.

On June 28, 2022, Purchaser won the parcel at the Sheriff's sale for a purchase price of $12,500. On August 4, 2022, the trial court confirmed the sale after considering an appraisal report and an affidavit of a qualified real estate appraiser. The appraiser opined the value of the property was $5,700.00 under forced-sale conditions.

On August 9, 2022, Maggie moved to set aside the sale of land and the order confirming the sale because Maggie believed taxes had been paid on the land, the land was not sold for fair and adequate consideration, and she did not receive actual notice of the sale due to her "dire health issues … that prevented her ability to receive mail and/or notices." The trial court held a hearing on this motion on September 23, 2022, wherein the trial court heard argument and received evidence. Following this hearing, the trial court set aside the sale of land and confirmation of the sale on October 12, 2022, finding "the land tax sale conducted on June 28, 2022, and the confirmation thereof, was achieved by error or mistake" on two grounds: (1) the redemption contract was void *ab initio* because Maggie, the landowner of record, did not sign it; and (2) the appraisal of the property included a substantial mistake in that it ignored that the federal government was in the process of buying residential properties within a certain radius of a current Veterans Administration Hospital, which included Maggie's property. Purchaser now appeals the judgment setting aside the sale.

### III. Standard of Review

We will affirm the trial court's judgment in judge-tried cases "unless there is no substantial evidence to support it or unless it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *In re Foreclosures of Liens for Delinquent Land Taxes by Action in rem Collector of Revenue v. Mohammad Bhatti*, 334 S.W.3d 444, 447 (Mo. banc 2011) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

## IV. Analysis

Rule 84.04 sets forth the required contents and structure of briefs filed in Missouri appellate courts. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022); Rule 84.04.[5] Although our preference is to decide appeals on their merits, deficient briefs hinder our ability to review the merits of the issues raised. *Bush v. City of Cottleville*, 411 S.W.3d 860, 864 (Mo. App. E.D. 2013). A brief's failure to substantially comply with the requirements of Rule 84.04 provides a sufficient basis to dismiss the appeal. *Id.* "Rule 84.04 is not merely designed to enforce hyper-technical procedures or to burden the parties on appeal." *Hutcheson v. Dep't. of Soc. Servs., Fam. Support Div.*, 656 S.W.3d 37, 40 (Mo. App. E.D. 2022) (quoting *T.G. v. D.W.H.*, 648 S.W.3d 42, 46 (Mo. App. E.D. 2022)) (internal quotation marks omitted). "Rather, the sound policy and purpose behind the rules is to 'ensure that the parties and the court are informed of the precise matters in contention and the appropriate scope of review … which allows this Court to conduct a meaningful review of the issues and ensures the proper functioning of the adversary nature of our judicial system.'" *Id.* (quoting *Young v. Mo. Dep't of Soc. Servs.*, 647 S.W.3d 73, 75 (Mo. App. E.D. 2022)). "Compliance with Rule 84.04 is essential to ensure that this Court retains its role as a neutral arbiter and avoids becoming an advocate for any party." *Id.* (quoting *Young*, 647 S.W.3d at 75) (internal citations omitted); *see also Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978).

Although our preference is to decide cases on their merits where the argument is readily understandable, "[d]eficient briefing runs the risk of forcing this Court to assume the role of advocate by requiring us to sift through the legal record, reconstruct the statement of facts, and craft a legal argument on the appellant's behalf." *Hutcheson*, 656 S.W.3d at 40 (quoting

---

[5] All rule references are to the Missouri Supreme Court Rules (2020), unless otherwise stated.

*Freeland v. Div. of Emp. Sec.*, 647 S.W.3d 22, 26 (Mo. App. W.D. 2022)) (internal quotation marks omitted).  This is our predicament here.

A.  Rule 84.04(d)(1): Points Relied On

Rule 84.04(d)(1) requires the points relied on to: "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."  This Rule also states that points relied on must substantially emulate the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."  Compliance with this rule is vitally important as points relied on are essential to an appellant's brief and are intended "to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Lexow*, 643 S.W.3d at 505 (quoting *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997)).  "A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Id*.  In fact, in her brief and at oral argument, Respondent admitted she had "difficulty in evaluating [Purchaser]'s arguments" and was unsure of which ground for reversal Purchaser was attacking under both points.

Purchaser's first point relied on states: "The trial court erroneously declared or applied the law in finding that the tax sale and confirmation thereof were in error or mistake due to the redemption contract."  This point fails to state the legal reasons for the claim of reversible error

and explain why the legal reasons, *in the context of this case*, support the claim of reversible error. While this Court is not allowed to look to the argument section of the brief to buttress a deficient point, *id.*, the argument section of this point also fails to provide any clarity as to the legal basis for Purchaser's argument. After attempting to distinguish a case cited by the trial court, Purchaser simply states that "the St. Louis Collector made no such mistake…," and even if the Collector did err, the error benefited Respondent. Purchaser bears the burden of demonstrating that the challenged action represents a misapplication or misstatement of law. *City of Kansas City v. Cosic*, 540 S.W.3d 461, 463 (Mo. App. W.D. 2018) ("It is the appellant's burden on appeal to demonstrate that the trial court's judgment was incorrect on any basis supported by the record and the applicable law."). This conclusory statement fails to provide any support for Purchaser's contention that the confirmation of the tax sale was proper.

Purchaser's second point relied on states: "The trial court erroneously declared or applied the law in ruling that the value of the parcel was not adequately measured, and such ruling was not supported by substantial evidence and was against the weight of the evidence." This second point is deficient for the same reasons as the first (*i.e.*, Purchaser fails to state the legal reasons for the claim of reversible error and explain why the legal reasons, *in the context of this case*, support the claim of reversible error; the argument section of the point fails to provide clarity as to the legal basis for Purchaser's argument; and Respondent was not sufficiently apprised of Purchaser's arguments), and is, additionally, multifarious. Although Purchaser correctly identifies the applicable standard of review for this appeal, *see Murphy*, 536 S.W.2d at 32 (recognizing that court-tried judgments will be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law"), Purchaser fails to focus on *which* ground of error

6

applies. In Point II, Purchaser alleges both that the trial court erroneously declared or applied the law, and that the ruling was not supported by substantial evidence. Each ground for reversal is a different claim of error and "a single point that alleges the trial court erred under ***more than one*** of the *Murphy v. Carron* standards raises a multifarious point that violates Rule 84.04(d)(1) and preserves nothing for appellate review." *Ebert v. Ebert*, 627 S.W.3d 571, 580 (Mo. App. E.D. 2021). This deficiency not only hampers Purchaser's own arguments by improperly consolidating multiple arguments into one, but also hampers the Respondent's ability to respond to the argument, as well as the Court's ability to decipher and rule on it.

B. Rule 84.04(c): Statement of Facts

Rule 84.04(c) requires statements of fact include "specific page references to the relevant portion of the record on appeal, i.e., legal file transcript or exhibits. If the citation is to the system-generated file, it shall include the system-generated appeal document number *and page number* (e.g., D6 p.7)." (emphasis added). "Specific relevant cites to the record are mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record." *State v. Myers*, 619 S.W.3d 578, 585 (Mo. App. E.D. 2021) (quoting *Carmen v. Olsen*, 611 S.W.3d 368, 371 (Mo. App. E.D. 2020)). Here, Purchaser's Statement of Facts identifies the system-generated appeal document number, but fails to include which page of the document on which the relevant information may be found. "This court will not act as an advocate by scouring the record for facts to support [Purchaser]'s contentions." *Id.* (quoting *State v. Bell*, 266 S.W.3d 287, 290 (Mo. App. E.D. 2008)).

C.  Preservation

Finally, we address Purchaser's requested alternative disposition.  Purchaser primarily asks this Court to reverse and remand this case back to the trial court with instructions to reinstate the trial court's August 4, 2022 order and judgment confirming the tax sale.  In the alternative, at oral argument, Purchaser requested that, if this Court were to affirm the judgment setting aside the tax sale, this court remand with instructions that the trial court order Purchaser's bid price on the property be refunded to him.  This issue was not raised at the trial court nor was it addressed in Purchaser's brief.  Instead, it was first raised at oral argument.  We may not consider arguments not raised in a party's brief.  *State ex rel. Vacation Mgmt. Solutions, LLC v. Moriarty*, 610 S.W.3d 700, 703 (Mo. banc 2020) (citing Rule 84.13(a)).  Therefore, we may not review Purchaser's refund request.

## V.    Conclusion

For the reasons stated above, Purchaser's failure to substantially comply with Rule 84.04 preserves nothing for our review.  Accordingly, the appeal is dismissed.

_____
Kelly C. Broniec, Judge

Philip M. Hess, J. and
James M. Dowd, J. concur.

8